**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**UNITED STATES OF AMERICA,**
           **Plaintiff,**

           **v.**                                         **CASE NO. 3:09cr210 (WWE)**

**BORIS TOMICIC.,**
            **Defendant.**


**RULING ON DEFENDANT BORIS TOMICIC'S MOTION FOR**
**ACQUITTAL AND NEW TRIAL**


Between October 10, and November 4, 2011, a jury convened to consider the evidence on the Government's eighteen-count indictment, charging defendants Frank Ruocco, Boris Tomicic and Earth Technology, Inc. ("ETI") of mail fraud, wire fraud and money laundering, and of participating in a conspiracy to commit mail fraud, wire fraud and money laundering.  On November 4, 2011, the jury returned a verdict of guilty only with regard to Count 8 charging Boris Tomicic with wire fraud.

Defendant Tomicic now moves for acquittal and a new trial.

**I.  Standard of Review**

Motion for Acquittal

Rule 29 of the Federal Rules of Criminal Procedure provides that the Court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a).  A defendant challenging the sufficiency of the evidence that was the basis of his conviction at trial bears a heavy burden; the court must view the evidence in the light most favorable to the government, draw all inferences in favor of the government, and defer to the jury's assessment of the

witnesses' credibility.  United States v. Hawkins, 547 F.3d 66, 70 (2d Cir. 2008).  The

jury's verdict should stand "so long as *any* rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt."  United States v. Parkes,

497 F.3d 220, 225 (2d Cir. 2007).  The trial court may not substitute its own

determination of the weight of the evidence and the reasonable inferences to be drawn

from that of the jury.  United States v. Guadagna, 183 F.3d 122, 129 (2d Cir.1999).

### Motion for New Trial

Rule 33 of the Federal Rules of Criminal Procedure provides that a "court may

vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R.

Crim. Pro. 33(a).  The trial court has discretion to set aside a jury verdict and order a

new trial to avert a perceived miscarriage of justice.  United States v. McCourty, 562

F.3d 458, 477 (2d Cir. 2009). However, the court must not usurp the role of the jury,

and should defer to the jury's assessment of witnesses and resolution of conflicting

evidence unless "exceptional circumstances can be demonstrated." United States v.

Sanchez, 969 F.2d 1409, 1413 (2d Cir. 1992)  The court must decide whether

sustaining a guilty verdict would result in manifest injustice.  United States v. Ferguson,

246 F.3d 129, 134 (2d Cir. 2001).

### Acquittal

Defendant Tomicic maintains that the Government has not presented evidence

sufficient to warrant a conviction beyond a reasonable doubt. His conviction on Count 8

stems from his having false competitive bids prepared and wired to Atlas Park; these

fabricated bids were then submitted to Atlas Park's insurer in connection with its

insurance claim.

The statute, 18 U.S.C. section 1343, provides, in relevant part:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire radio or television communication in interstate or foreign commerce, any writings, signs, signals, pictures or sounds for the purpose of executing such scheme or artifice shall be [guilty of a crime].

Defendant attacks the Government's showing on the essential elements of proof of a scheme to defraud: (1) that defendant was aware of the existence of a scheme to defraud, in which he knowingly participated, and (2) that he made material mispresentations.  See United States v. Autori, 212 F.3d 105, 115 (2d Cir. 2000).  A mispresentation is material if it has a tendency to influence the decision of the person or entity to which it was directed.  Neder v. United States, 527 U.S. 1, 16 (1999). Defendant maintains that the evidence failed to show his meaningful connection to the insurance fraud.  He states that he was not involved with procurement of the insurance, the filing of the claim at issue, or the handling and settlement of that claim.

The jury reviewed evidence, including witness testimony, that defendant Tomicic instructed Adam Nepon of Clean Earth of New Jersey ("Clean Earth") to send invoices for work disposing of hazardous lead soil for Atlas Park to William McCambridge at Recycle Technology, in which company Tomicic held an ownership interest.  Nepon testified that Tomicic knew the cost of disposing of hazardous soil by Clean Earth was $127.50 per ton.

McCambridge testified that Tomicic informed him that Recycle Technology would serve as a broker for the Atlas Park hazardous lead project.  McCambridge described how he followed Tomicic's direction when he took the Clean Earth invoice to Recycle

Technology at $127.50 per ton and then had Recycle Technology bill ETI at $218 per ton for the soil disposal.

Witnesses Allen Kasden, Mark Powers and defendant Tomicic testified that the invoices of $218 per ton were passed on to Plaza Construction Company and Atlas Park.  The evidence showed that Tomicic also added a 15% mark up to the $218 per ton price for a total of $250.70.

The jury heard from Damon Hemmerdinger and Powers that a set price of $250 per ton had not been agreed upon prior to receiving ETI's invoices.  Tomicic testified that he billed the disposal of the soil as cost-plus rather than an agreed upon price.

Powers testified that he asked Tomicic for competitive bids related to the disposal costs after the site liability insurer had requested such information.  Powers stated that Tomicic was aware of the insurance claim and sent him two additional bids proposed for the removal of the lead soil.  In his testimony, Tomicic admitted that he caused the two fabricated competitive bids to be prepared and transmitted.  There was no testimony presented that Tomicic informed Powers either that the documents were false or that no competitive bids existed.  Powers testified that he believed the bids to be authentic when he submitted them to the insurer.  The evidence also demonstrated that the insurer increased its settlement offer to Atlas Park after receiving the false bids.

A jury could make reasonable inferences that a fraudulent scheme existed to give the false appearance that $218 per ton was a low among three competitive bids, that the false competitive bid proposals were prepared and provided to give the appearance that competitive bids had been sought, and that Tomicic had instructed individuals to take the action that he knew would result in a misrepresentation.  Based

on the evidence, the jury could make a reasonable finding that Tomicic acted with the

intent to deprive Atlas Park and the insurer of information necessary to make

discretionary economic decisions,[1] and that the fabricated bids did have an influence on

the amount of the settlement of the claim.  See U.S. v. Carlo, 507 F.3d 799, 802 (2d

Cir. 2007) (court properly described harm to victims' property interests as deprivation of

information necessary to make discretionary economic decisions).  Accordingly, the jury

had sufficient evidence to find defendant guilty of wire fraud.

New Trial

Defendant Tomicic contends that a new trial is in the interest of justice because

(1) the verdict is based on "a deminimis, one-time act that had no proven impact," (2)

the Court prevented defendant from presenting two witnesses important to his defense,

and (3) the Court issued a prejudicial instruction to the jury.

The Court does not find merit to defendant's assertion that he cannot be found

guilty for a one-time deminimis act.  In light of the evidence submitted for the jury's

review, as discussed previously above, the jury's verdict reflects a reasonable

interpretation of the evidence that defendant knowingly participated in a scheme to

defraud so as to give the false appearance that ETI's charge for the soil removal

constituted a competitive bid among three bids, which misrepresentation had an effect

on the insurer's discretionary economic decisionmaking.

---

[1] The jury was charged that the Government must establish that "defendant knew that his . . . conduct as a participant in the scheme was calculated to deceive and, nonetheless, he . . .associated himself . . . with the alleged fraudulent scheme for the purpose of causing some loss to another.  Such a loss may include depriving another of information necessary to make discretionary economic decisions."

As to the preclusion of the witnesses, the Court adheres to its rulings made during the trial, which reflect its discretion to exclude evidence that poses an undue risk of harassment, prejudice or confusion of the issues.  United States v. Pascarella, 84 F.3d 61, 70 (2d Cir. 1996).

Defendant claims as error the exclusion of the testimony of Jill Pfister, an employee of the Severn Trent lab.  Defendant sought to show that Damon Hemmerdinger had the soil test results as early as November 2, 2004, although he claimed that he had no real soil results at that time and made such representation to the insurer.  Defendant maintains that Pfister's testimony was key to his defense that the responsibility for the fraud on the insurer resided with individuals higher "in the food chain who had a financial interest" in perpetrating the fraud and who did not include defendant in their communications with the insurer.

However, the issue of whether such other individuals also sought to perpetrate a fraud on the insurer constitutes a separate trial.  Thus, the Court ruled within its discretion to exclude extrinsic evidence that could have mired proceedings in another trial. Fed. R. Evid. 403. See United States v. James, 609 F.2d 36, 46 n.11 (2d Cir. 1979).

Similarly, the Court's ruling precluding defendant's expert Joshua Stein from testifying at the trial was not error.  Stein was offered to testify about the insurance claims process but he had no actual involvement in the claim at issue in this case. Accordingly, Stein's testimony would have constituted speculation relevant to the basis for the insurer's decisionmaking and would not have assisted the jury.  United States v. Han, 230 F.3d 560, 564 (2d Cir. 2000) (district court has discretion to exclude

speculatory evidence); United States v. Rahman, 189 F.3d 88, 138 (2d Cir. 1999) (expert testimony that was speculation was properly excluded).  Defendant could have called witnesses who were actually involved with the decisionmaking relevant to the insurance claim.

Finally, the asserted prejudicial jury instruction regarding proof of personal gain on a wire fraud charge does not compel a new trial.  During deliberations, the jury asked by note: "Does a defendant have to be seeking a personal gain of money or property for them to be guilty of wire fraud?"  The Court instructed the jury that a defendant need not seek personal profit to be guilty of wire fraud and referred the jury to the written instructions on the elements of wire fraud.

Defendant does not maintain that the Court is mistaken on the law.  See United States v. Marzo, 312 Fed. Appx. 356, 357 (2d Cir. 2008) (personal gain is not an element of wire fraud).  Defendant argues that the Court's instruction "improperly focused on one aspect of the jury inquiry to the exclusion of the requisite intent with respect to depriving another of money or property."  However, the Court answered the jury's question consistent with the law on the specific issue of personal gain and further instructed the jury to consider all of the elements to find defendant guilty of the wire fraud charge.  The Court's direction for the jury to refer to all of the elements of wire fraud enumerated in the instructions dispelled any improper focus on one aspect of the jury's inquiry.

Accordingly, the Court finds no manifest injustice and the motion for a new trial will be denied.

**CONCLUSION**

For the foregoing reasons, the motion for acquittal and for a new trial [doc. #

382, 383] is DENIED.  The motions to dismiss are also DENIED [docs. # 330, 332]

consistent with ruling and the record at trial.


Dated this 8th day of June 2012, at Bridgeport, Connecticut.


_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE